JUSTICE McKINNON,
dissenting.
¶26 I dissent from the Court’s conclusion that the District Court “exceeded the bounds of reason resulting in substantial injustice to Rolan” when it allowed New West leave to amend its answer to assert federal preemption. Opinion, ¶ 24. We have repeatedly held that leave to amend should be freely granted when justice requires unless the moving party is guilty of undue delay, bad faith, or a dilatory motive. Aldrich & Co. v. Ellis, 2002 MT 177, ¶ 27, 311 Mont. 1, 52 P.3d 388. There was no evidence of intentional delay, bad faith, or a dilatory motive on the part of New West. Further, the District Court took efforts to alleviate any prejudice to Rolan as a result of the amendment. Here, the District Court concluded that the “ends of justice would not be served by denying the motion to amend.” The District Court recognized that the application of state subrogation statutes and doctrine to federal ERISA benefit plans was incorrect as a matter of law. The court appreciated that applying the wrong law to the parties’ disputes would not advance proper resolution of their underlying claims nor further the ends of justice. Clearly, the District Court believed those considerations deserved more weight in the analysis and that New West’s leave to amend should prevail over Rolan’s objection.
¶27 The District Court was in a very difficult position, as clearly factors weighed in favor of both granting and denying leave to amend. I do not think it as clear and one-sided as the Court opines and, under the present circumstances, the rule of deference to the trial court should prevail. Accordingly, I dissent from the Court’s decision finding the District Court abused its discretion by granting New West leave to amend. I would address the merits of the controversy.